KAREN LeCRAFT HENDERSON, Circuit Judge,
concurring:
Although I agree with my colleagues that we lack jurisdiction to review the district court’s denial of Murphy’s claim to qualified immunity because of a factual dispute, I write separately to emphasize a point of law. In United States v. Hensley, 469 U.S. 221, 105 S.Ct. 675, 83 L.Ed.2d 604 (1985), the United States Supreme Court concluded that a police officer may make a Terry stop in “objective reliance” *850 on a “flyer or bulletin ... issued on the basis of articulable facts supporting a reasonable suspicion.” 469 U.S. at 232, 105 S.Ct. 675. The Court noted that even if the flyer were issued absent reasonable suspicion, “the officers making the stop may have a good-faith defense to any civil suit.” Id. Similarly, an officer may rely on another officer’s determination of probable cause to make an arrest, which will often be the case in a rapidly evolving— and potentially deteriorating' — -situation like the one confronting Murphy. See id. at 231, 105 S.Ct. 675 (“ ‘[Effective law enforcement cannot be conducted unless police officers can act on directions and information transmitted by one officer to another and ... officers, who must often act swiftly, cannot be expected to cross-examine their fellow officers about the foundation for the transmitted information.’ ”) (quoting United States v. Robinson, 536 F.2d 1298, 1299 (9th Cir.1976)); United States v. Loundmannz, 472 F.2d 1376, 1379 (D.C.Cir.1972) (probable cause exists if officer ordering arrest has “adequate first-hand knowledge to support a finding of probable cause” even though arresting officer does not have first-hand knowledge); Daniels v. United States, 393 F.2d 359, 361 (D.C.Cir.1968) (“There is no requirement that the arresting officer have sufficient firsthand knowledge to constitute probable cause. It is enough that the police officer initiating the chain of communication either had firsthand knowledge or received his information from some person ... who it seems reasonable to believe is telling the truth.”). As noted by the majority, Murphy states that he relied on Newsham’s determination that probable cause existed to arrest the hundreds of individuals in Pershing Park for failure to obey a police order before entering the Park. Murphy’s reliance, however, must be objectively reasonable for him to be clothed with qualified immunity. Murphy states that he “had nothing in the way of an opinion or reason ... to contradict or not to believe what [Newsham] was telling [him] was true.” Tr. of Deposition of Richard Murphy at 252:10-13, Barham v. Ramsey, Civ. No. 02-2283, 2006 WL 678908 (D.D.C. Feb. 2, 2006) (Dep. Tr.). But Murphy’s statement that he “s[aw] citizens coming and going from a distance further on the south side of Pershing Park in the vicinity of 14th Street,” Dep. Tr. 229:13-15, creates a genuine issue of material fact regarding whether his reliance on Newsham’s determination that probable cause existed to arrest every individual in the Park was objectively reasonable. Murphy differs in this respect from Newsham, whom we earlier found not entitled to qualified immunity as a matter of law. Barham v. Ramsey, 434 F.3d 565, 568 (D.C.Cir.2006). I read the majority opinion, Maj. Op. at 849, to leave open the possibility that Murphy, like MPD Chief Charles Ramsey, may yet have qualified immunity if the facts are resolved in his favor. See Barham, 434 F.3d at 568 (“[Ramsey’s] entitlement to qualified immunity thus turns on whether he knew that the park had not been cleared of individuals who were not observed breaking the law. Based on the record assembled for summary judgment, it is not possible for us to answer that question. Because Ramsey’s claim for immunity turns on the resolution of factual disputes regarding his participation in the events of September 27, 2002, his appeal is premature.”).